IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | 4:06-cr-00044 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| SAMUEL MELBERN STEWARD, | * | |
| | * | ORDER |
| Defendant. | * | |

Before the Court is Defendant's "Motion for Relief From Order," filed April 8, 2014. Clerk's No. 106. The Government did not file a response to the Motion and it is, therefore, fully submitted.

On July 28, 2006, Defendant pled guilty to one count of conspiracy to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A). Clerk's No. 43. The Presentence Investigation Report ("PSIR") prepared in the case found Defendant responsible for 283.5 grams of cocaine base. Clerk's No. 57 ¶ 10. Under the Sentencing Guidelines in effect at the time of Defendant's original sentencing proceeding, Defendant's base offense level was calculated in the PSIR as 34. *See id.* at 19; U.S.S.G. § 2D1.1(c)(4) (Nov. 1, 2006) (providing that a base offense level 34 applies to "[a]t least 150 G but less than 500 G of cocaine base). Because it was determined that Defendant was a career offender, however, his base offense level was deemed to be 37 pursuant to U.S.S.G. § 4B1.1.

On February 9, 2007, Defendant was sentenced as a career offender to 260 months imprisonment. Clerk's No. 51. This judgment, however, was vacated and remanded for resentencing by the Eighth Circuit Court of Appeals on February 29, 2008. Clerk's No. 66. On April 17, 2008, Defendant requested that a new PSIR be prepared prior to resentencing. Clerk's

No. 69. In particular, Defendant requested that the PSIR be prepared using the retroactive 2007 amendment to the crack cocaine sentencing guideline, which would result in Defendant's base offense level being 32 rather than 34 under U.S.S.G. § 2D1.1(c)(4) (Nov. 1, 2007). *Id*. The Court denied Defendant's request for a new PSIR, pointing out that Defendant was ineligible for § 3582(c) relief since he was sentenced as a career offender and, thus, was not sentenced based on a sentencing range that had been lowered by the Sentencing Commission.[1]  Clerk's No. 74.

At Defendant's resentencing hearing on June 27, 2008, the Court determined that the career offender provision of U.S.S.G. § 4B1.1 was inapplicable to Defendant's case. Clerk's No. 87 (Sentencing Tr.) at 7. The Court, thus, found that the 2007 retroactive crack amendment was applicable to Defendant's case, making his base offense level 32 pursuant to U.S.S.G. § 2D1.1(c)(4). *See id*. at 7 ("I don't believe th[at] Mr. Steward is a career offender under the guidelines, and therefore the crack retroactivity guideline would apply."). After applying a two-level reduction for acceptance of responsibility, the Court determined that Defendant's adjusted offense level was 30, his criminal history category was VI, and his sentencing range was 168–210 months. *Id.* After consideration of the 18 U.S.C. § 3553(a) factors, the Court

---

[1]    18 U.S.C. § 3582(c)(2) states:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10.

sentenced Defendant to 188 months incarceration. *Id*. at 9; Clerk's No. 82 at 2. Defendant's sentence was affirmed by the Eighth Circuit on March 17, 2010. Clerk's No. 90.

On November 1, 2011, Amendment 750 to the Guidelines again retroactively lowered the drug quantity tables applicable to crack cocaine offenses in § 2D1.1(c). Pursuant to the Amendment, base offense level 32 is applicable to drug quantities of "[a]t least 280 G but less than 840 G of Cocaine Base." U.S.S.G. § 2D1.1(c)(4) (Nov. 1, 2011).[2] Since Defendant was responsible for 283.5 grams of cocaine base, his base offense level was not changed by the enactment of Amendment 750. Accordingly, on April 19, 2012, the Court entered an Order finding that Defendant was ineligible for a sentence reduction pursuant to § 3582(c) "because Amendment 750 does not lower Defendant's applicable guideline range." Clerk's No. 100 at 2.

In the present Motion, Defendant argues that the Court erred in denying him a § 3582(c) reduction based on Amendment 750. In particular, he argues:

> Had the Court used the total offense level of 30 as it did at the Remand Sentencing, rather than the level 32 in consideration of the "3582(c)" Motion, the Court would have seen that a 2-level reduction for Sentencing Guideline Amendment 750 would have dropped Movant's offense level to 28 which would have dropped his sentencing guideline range to 140–175 months rather than 168–210. Thus, his "sentencing range" for purposes of 18 U.S.C. Section 3582(c)(2) would have indeed been "lowered," and as a result, the Court could have considered re-sentencing him to an amount within that correct range.

Mot. at 4. Defendant's argument fails to differentiate between his *base* offense level and his *adjusted* offense level. At his resentencing, the Court determined that Defendant's *base* offense level was 32 pursuant to § 2D1.1(c)(4). The Court reduced the *base* offense level by two points for Defendant's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, resulting in an

---

[2] A base offense level of 32 remains applicable to cocaine base quantities of between 280 and 840 grams under the 2013 Sentencing Guidelines.

*adjusted* offense level of 30. This *adjusted* offense level, combined with Defendant's criminal history category, resulted in an advisory sentencing range of 168–210 months. To determine whether Defendant was entitled to a reduction under § 3582(c), the Court was obligated to undertake the same process to see if any change resulted. Here, Defendant's drug quantity still resulted in a *base* offense level of 32 after application of Amendment 750. Using the base offense level as a starting point, Defendant would then have received the same two-level reduction for acceptance of responsibility, resulting in the same 168–210 month sentencing range even after enactment of Amendment 750. Accordingly, the Court did not err in concluding that Defendant was not, at his resentencing, "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required for § 3582(c) relief. Defendant's Motion for Relief from the April 19, 2012 Order is, therefore, DENIED.

    IT IS SO ORDERED.

    Dated this _23rd_ day of May, 2014.

ROBERT W. PRATT, Judge
U.S. DISTRICT COURT